**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Big Chuy Distributors & Sons Incorporated, an Arizona corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AG-Wise Incorporated, a California corporation,<br><br>　　　　Defendant. | No. CIV 12-109 TUC-RCC-LAB<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion for default judgment filed by the plaintiff on August 22, 2012. (Doc. 12)

The plaintiff, Big Chuy Distributors & Sons, is a middleman in the produce business. The defendant, Ag-Wise Incorporated, is a grower. Pursuant to a Distribution Agreement, Big Chuy advanced money to Ag-Wise to grow and harvest a crop, which was delivered to Big Chuy for sale to third parties. Big Chuy sold the produce, but apparently it did not make enough to cover its costs. Big Chuy claims Ag-Wise still owes it $106,414.28 under the Distribution Agreement. In the instant motion, Big Chuy moves for default judgment.

Magistrate Judge Bowman currently presides over this case pursuant to 28 U.S.C. §636(c)(1) having received the plaintiff's written consent. Because the defendant has not yet

1  appeared, this court has prepared a report and recommendation, which will be directed to
2  District Judge Raner C. Collins.
3        The Magistrate Judge recommends that the District Court deny the motion without
4  prejudice. Big Chuy has not proven its damages are a "sum certain."

### Discussion

7        Big Chuy filed its complaint on February 17, 2012. (Doc. 1) Service on Ag-Wise was
8  accomplished on March 22, 2012. (Doc. 8) Ag-Wise failed to file a timely answer, and the
9  Clerk entered default on June 7, 2012. (Doc. 10)
10       On August 22, 2012, Big Chuy filed the pending motion for default judgment against
11 Ag-Wise. (Doc. 12) Big Chuy argues its damages are a "sum certain" in the amount of
12 $113,701.78. (Doc. 12-1, ¶ 9) It further argues it is entitled to reasonable attorneys' fees in
13 the amount of $6,207.50 and taxable costs of $648.40. (Doc. 12-1, p. 4)
14       The Rule reads in pertinent part as follows:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk– on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

18 Fed.R.Civ.P. 55(b)(1).
19       In the Ninth Circuit, "a claim is not a sum certain unless no doubt remains as to the
20 amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise*
21 *Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 929 (9th Cir 2004),
22 *cert. denied*, 544 U.S. 949 (2005). The plaintiff in this case has not established its damages
23 to this level of certainty.
24       Big Chuy states it is entitled to $113,701.78, which "represents all known unpaid
25 contractual claims in the amount of $106,414.28, plus prejudgment interest at 10% per
26 annum from December 15, 2011" until August 21, 2012. (Doc. 12-1, p. 3) Big Chuy does
27 not, however, explain how the base figure, $106,414.28, was calculated. The court infers
28 that Big Chuy calculated its damages based on the money it advanced to Ag-Wise minus the

1  revenue generated from the sale of the produce minus additional costs.  Unfortunately, Big
2  Chuy provides none of these figures.  *But see, e.g.*, *Franchise Holding II,* 375 F.3d at 929
3  (No doubt remained as to the plaintiff's damages where the plaintiff "presented the clerk with
4  loan documents that set forth the specific formulas for determining the amount owed" and
5  "provided documents setting forth the various amounts necessary for calculating the total
6  amount due.").

7        In its complaint, Big Chuy mentions those additional costs but does not provide any
8  specifics.  Big Chuy states it is entitled to contractual damages of $106,414.28 plus interest
9  "after all offsets, including a commission and handling charge."  (Doc. 1, pp. 2-3)  Big Chuy
10  does not, however, indicate what those "offsets" were and how they were determined.

11        At this point, the court cannot conclude that "no doubt remains as to the amount to
12  which [Big Chuy] is entitled as a result of the defendant's default."  *See Franchise Holding*
13  *II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 929 (9th Cir 2004).  Big Chuy
14  has not established its damages are a "sum certain."  *See, e.g., KPS & Associates, Inc. v.*
15  *Designs by FMC, Inc.*, 318 F.3d 1, 20 n. 9 (1st Cir. 2003) ("Neither the fact that the complaint
16  identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum,
17  automatically converts KPS's claim into a 'sum certain.'").

18        The court expresses no opinion as to whether or not Big Chuy is entitled to an award
19  of attorneys' fees.  The court notes that Big Chuy does not explain whether the source of its
20  claim is statutory or contractual.

21        The court further notes that the "declaration" submitted by counsel in support of the
22  motion "[p]ursuant to 28 U.S.C. § 1746"does not include the written formalities required by
23  that statute.  (Doc. 12-1, p. 2)

27  <u>RECOMMENDATION</u>

1  The Magistrate Judge recommends the District Court, after its independent review of
2  the record, enter an order
3  DENYING without prejudice the motion for default judgment filed by the plaintiff
4  on August 22, 2012.  (Doc. 12)
5  Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
6  14 days of being served with a copy of this report and recommendation.  If objections are not
7  timely filed, they may be deemed waived.
8  DATED this 24th day of October, 2012.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge