**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Big Chuy Distributors & Sons Incorporated, an Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>AG-Wise Incorporated, a California corporation,<br><br>    Defendant. | No. CIV 12-109 TUC-RCC-LAB<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is an application[1] for default judgment filed by Plaintiff on May 22, 2013. (Doc. 16)

Plaintiff, Big Chuy Distributors & Sons, is a middleman in the produce business. Defendant, Ag-Wise Incorporated, is a grower. Pursuant to a Distribution Agreement, Plaintiff advanced money to Defendant to grow and harvest a crop, which was delivered to Plaintiff for sale to third parties. Plaintiff sold the produce but apparently did not make enough to cover its costs. Plaintiff seeks damages in the following amounts: (1) $106,414.28 still owed by Defendant to Plaintiff under the Distribution Agreement; (2) $15,221.13 in interest on the outstanding debt; (3) $6,207.50 in attorneys' fees; (4) $648.40 in costs; and

---

[1] The instant application is treated by the court as a Motion for Entry of Default filed pursuant to Federal Rule of Civil Procedure 55(b)(2).

1  (5) 0.11% interest per annum on attorneys' fees and costs. In the instant motion, Plaintiff
2  moves that the court enter default judgment in its favor pursuant to Federal Rule of Civil
3  Procedure 55(b)(2).

4  Magistrate Judge Bowman currently presides over this case pursuant to 28 U.S.C.
5  §636(c)(1) having received the plaintiff's written consent. Because the defendant has not yet
6  appeared, this court has prepared a report and recommendation, which will be directed to
7  District Judge Raner C. Collins.

8  The Magistrate Judge recommends that the District Court GRANT the motion.
9  Plaintiff has proven that it is entitled to damages in the amount of $106,414.28 plus interest
10  in the amount of $15,221.13. Likewise, Plaintiff has proven that it is entitled to attorneys'
11  fees in the amount of $6,207.50 as well as costs in the amount of $648.40. Finally, Plaintiff
12  is entitled to 0.11% interest on the sum total of the judgment pursuant to 28 U.S.C. §1961.
13
14  Discussion
15  Plaintiff filed its complaint on February 17, 2012. (Doc. 1) Service on Defendant was
16  accomplished on March 22, 2012. (Doc. 8) Defendant failed to file a timely answer, and the
17  Clerk entered default on June 7, 2012. (Doc. 10)
18  On August 22, 2012, Plaintiff filed a motion for default judgment against Defendant
19  pursuant to Federal Rule of Civil Procedure 55(b)(1). (Doc. 12) The motion was denied
20  without prejudice because Plaintiff did not prove that its damages were a "sum certain," as
21  required by the Rule. (Doc. 14) On May 22, 2013, Plaintiff filed the instant motion for
22  default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2).
23  (Doc. 16-3)
24  The District Court has "wide latitude" and discretion in deciding damage awards after
25  granting default judgment. *HTS, Inc. v. Boley*, CV-12-835-PHX-SMM, 2013 WL 3187362 (D.
26  Ariz. June 21, 2013) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). Courts need not
27  conduct a hearing for a default judgment for money; however, it is necessary that the award
28  be for a liquidated sum or one capable of mathematical calculation. *Davis v. Fendler*, 650

- 2 -

1  F.2d 1154, 1161 (9th Cir. 1981). Here, the claim is for liquidated and other mathematically
2  calculable damages; thus, the court should award them without conducting a hearing.

3 First, Plaintiff seeks $106,414.28 that it claims is owed by Defendant under the
4 Distribution Agreement. Plaintiff corporation has provided an affidavit from its President
5 declaring damages in that amount (Doc. 16-2, Ex. B), which is supported by a Grower
6 Balance Detail spreadsheet. (Doc. 16-2 Ex. 6) The balance enumerated in the Grower
7 Balance Detail spreadsheet is $106,651.98; however, as the affidavit declares, that balance
8 reflects an erroneous charge of $237.70, the precise difference between the balance
9 enumerated in the Balance Detail Spreadsheet and the amount sought. Plaintiff is therefore
10 entitled to recover these damages.

11 Second, Plaintiff seeks interest on the $106,414.28 balance in the amount of ten (10)
12 percent per annum from the time the contract was liquidated. Plaintiff has provided the
13 Exclusive Distribution Agreement (hereafter "contract") between it and Defendant. (Doc.
14 16-2, Ex. 1) The contract, in relevant part, reads:

> Any sums due hereunder shall be paid in U.S. Dollars and if not timely paid after such final liquidation shall bear interest at the rate set forth at Section 7.3B of the related Schedule.

18 (Doc. 16-2, Ex. 1, p. 5, §7.3) Section 7.3B of both Schedules explicitly states that interest in
19 the amount of ten (10) percent per annum will accrue on all outstanding balances beginning
20 at the time of final liquidation. (Doc. 16-2, Ex. 2, p. 4, §7.3B; Doc. 16-2, Ex. 3, p. 4, §7.3B)
21 Plaintiff is therefore entitled to recover interest on the unpaid balance accruing upon final
22 liquidation of the contract and in the amount of $15,221.13.

23 Third, Plaintiff seeks attorneys' fees in the amount of $6,207.50. The contract, in
24 relevant part, reads:

> In any legal proceeding arising out of this Agreement, including with respect to any instrument, document or agreement made under or in connection with this Agreement, **the prevailing party shall be entitled to recover its costs and actual attorneys' fees**.

- 3 -

(Doc. 16-2, Ex. 1, p. 16, §27.8) (emphasis added) Plaintiff is therefore entitled to recover actual attorneys' fees.

Fourth, Plaintiff seeks to recover costs in the amount of $648.40. As stated above, the contract provides recovery of costs in litigation arising therefrom. (Doc. 16-2, Ex. 1, p. 16, §27.8) Plaintiff is therefore entitled to recover costs.

Finally, Plaintiff seeks 0.11% interest per annum on the award of attorneys' fees and costs. Not only is Plaintiff entitled to interest on those awards, but also it is entitled to 0.11% interest on the sum total of the remaining balance claimed and the agreed-upon ten (10) percent interest per annum on that balance. 28 U.S.C. §1961, in relevant part, reads:

> **Interest shall be allowed on any money judgment** in a civil case recovered in a district court. [....] Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calender week preceding. [sic] the date of the judgment. [....]

28 U.S.C. §1961(a) (punctuation modified) (emphasis added). The weekly average 1-year constant maturity Treasury yield for the calendar week preceding the judgment is 0.11%.[2] Thus, Plaintiff is entitled to an award of $128,491.31 plus 0.11% interest.[3]

RECOMMENDATION

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

GRANTING the motion for default judgment filed by Plaintiff on May 22, 2013 (Doc. 16) and awarding Plaintiff $128,491.31 plus 0.11% interest.

---

[2] The week preceding the judgment is the week ending on July 26, 2013, whose average rate was 0.11%. *See* <http://www.federalreserve.gov/releases/H15/current/>.

[3] Pursuant to 28 U.S.C. §1961(b), interest shall be computed daily to the date of payment and shall be compounded annually.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

DATED this 8th day of August, 2013.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge